UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HASSAN HIRAGLI,

            Petitioner,

-v-                                     No. 05 Civ. 279 (LTS)(DF)
                                             No. 03 Cr. 881 (LTS)

UNITED STATES OF AMERICA,

            Respondent.

---

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM ORDER

Petitioner Hassan Hiragli ("Petitioner" or "Hiragli"), who was convicted of conspiracy upon a plea of guilty and was sentenced to 24 months of imprisonment, moves pro se, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence. The Court has thoroughly reviewed Hiragli's submission in connection with his Section 2255 petition (the "Petition") and the Government's opposition. Hiragli's motion is denied for the following reasons.

## BACKGROUND

On July 18, 2003, Petitioner pled guilty, pursuant to a plea agreement, to one count of conspiracy to transport, receive, possess, sell, distribute, and purchase contraband cigarettes in violation of 18 U.S.C. § 371. In connection with his plea of guilty, Magistrate Judge Pitman thoroughly questioned Petitioner under oath as to his understanding of the charge against him, the rights that he would be giving up, the contents of the plea agreement, and his satisfaction with his attorney's representation. (Tr. of July 18, 2003 proceeding ("Plea Tr.") at 6-17.) The plea

agreement included a provision expressly waiving Petitioner's rights to directly appeal, or litigate under 28 U.S.C. § 2255 and/or 28 U.S.C. § 2241, his sentence. (Id. at 14; July 7, 2003 Plea Agreement ("Plea Agr.") at 4.)

On November 7, 2003, Petitioner was sentenced by this Court principally to 24 months of imprisonment in accordance with the applicable United States Sentencing Guidelines. At sentencing, the Court inquired whether Petitioner or his attorney had any objections to the Pre-Sentence Report ("PSR"). Petitioner, through his counsel, indicated only one objection concerning his response to a question about past drug abuse and the Court directed that the paragraph be changed accordingly. (Tr. of November 7, 2003 proceeding ("Sentencing Tr.") at 4-6.) Judgment in this matter was entered on November 10, 2003. Petitioner did not appeal from the judgment of conviction. The instant motion was filed at the earliest on December 15, 2004. The Government filed its opposition brief on June 23, 2005.

## DISCUSSION

Under 28 U.S.C. § 2255, "A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . may move the court . . . to vacate, set aside or correct the sentence." 28 U.S.C.A. § 2255 (West 2005). In the Petition, Hiragli challenges his conviction on the grounds that his plea was unlawfully obtained, he was not able to object to the PSR, he was denied effective assistance of counsel[1], and his speedy trial rights were violated. (See Pet's Mem. at 2.)

---

[1] Petitioner argues that his counsel failed to advise him as to the nature of the charges, his right to a grand jury, speedy trial rights, and the risk of deportation. (See Pet's Mem. at 6-7.)

Petitioner failed to file his Petition within the one year statute of limitations for motions pursuant to 28 U.S.C. section 2255. Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), the one-year period begins to run from the "latest of"

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 (West 2005). In the instant case, the applicable period began to run on the date the judgment of the conviction became final. Judgment was entered on November 10, 2003 and Petitioner had 10 business days to file a direct appeal. (See Fed. R. App. P. 4(b); Sentencing Tr. at 11-12.) Because Petitioner did not file an appeal, the conviction became final on November 24, 2003. See Sharpe v. United States, No. 02 Civ. 5605 (LBS), 2003 WL 1964048, at *2-3 (S.D.N.Y. Apr. 24, 2003) (finding that because petitioner did not file direct appeal, conviction was final for 2255 petition purposes 10 business days after conviction was entered). Petitioner then had until November 24, 2004, to file a petition under section 2255. Since Petitioner did not file his Petition until December 15, 2004, it must be dismissed as untimely. See id.; Raphaela v. United States, No. 02 Civ. 6255 (MBM), 2004 WL 203012, at *2 (S.D.N.Y. Feb. 3, 2004).

There is no evidence, and Petitioner does not allege, that Governmental action prevented him from filing the Petition or that the Supreme Court recognized a new right to which he is entitled. Nor has Hiragli established that his period of time should be tolled pursuant to section (4). "To merit application of equitable tolling, the petitioner must demonstrate that he

acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (citations omitted); Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001). Equitable tolling also does not generally apply to claims of ineffective assistance of counsel. See Martinez v. United States, no. 03 Civ. 9805 (RPP), 2004 WL 883388, at *3 (S.D.N.Y. Apr. 23, 2004). "This Circuit . . . has found attorney error inadequate to create the 'extraordinary' circumstances equitable tolling requires." Smaldone, 273 F.3d at 138 (collecting cases).

      Here, Petitioner claims that he was not aware of the rights he waived until July 2004. (See Pet's Mem. at 6.) However, Petitioner has not proffered any evidence showing that he acted diligently during the period he wishes tolled and that extraordinary circumstances prevented his successful filing on time. Indeed, Petitioner's claims are facially inconsistent with the records of the relevant proceedings, which indicate that he was aware before judgment was entered of the legal issues on which he now claims he received inadequate advice. In connection with his plea, Hiragli acknowledged his right to plead not guilty (Plea Tr. at 15), his right to a grand jury indictment (id. at 3-4), the nature of the charges and his understanding of them (id. at 10-11), his right to challenge the facts in the PSR (id. at 12), the risk of deportation (id. at 13), his waiver of right to withdraw his plea of guilty or to appeal (Id. at 14-15.)[2] Additionally, Hiragli indicated that he consulted with his attorney on these rights (see id at 3 (waiver of indictment), 6 (contents of plea agreement), 11 (effect of guidelines on the sentence)) and that he was satisfied with his attorney's representation and the advice she had given him. (See id. at 9.) During sentencing, Petitioner also

---

[2]     The record indicates that an interpreter was used for both the plea hearing and sentencing. (See docket entry #13; Sentencing Tr. at 3.)

indicated that he had reviewed the PSR and discussed it with his attorney. (See Sentencing Tr. at 4.) The Court also does not find Petitioner's conclusory allegations of ineffective assistance of counsel in relation to his speedy trial rights sufficient to satisfy his burden of showing exceptional circumstances. See Smaldone, 273 F.3d at 138; United States v. White, No. 05 Civ. 6476 (DC), 2005 WL 2878158 at *2 (S.D.N.Y. Sept. 20, 2005) (finding that petitioner cannot rely on "personal conclusions or assessments" to satisfy his burden of showing extraordinary circumstances in context of section 2255 equitable tolling provision). Accordingly, the Court does not find any basis upon which Petitioner's limitations period should be equitably tolled.

## CONCLUSION

Accordingly, Hiragli's motion pursuant to 28 U.S.C. § 2255 is denied as untimely. Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West 2002). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West Supp. 2003); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealabilty). The Court finds that Petitioner will not be able to sustain this burden. Thus, the Court declines to issue a certificate of appealability. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of Court is respectfully requested to close this matter.

Dated: New York, New York
April 24, 2006

LAURA TAYLOR SWAIN
United States District Judge